PETERS, J.
 

 hThe plaintiff, Plastic Surgery Associates (PSA), appeals from an judgment issued by the workers’ compensation judge (WCJ), sustaining an exception of no subject matter jurisdiction filed by the defendants: The Nacher Corporation (Nacher) and its insurer, Ace American Insurance Company (Ace American). For the following reasons, we vacate the WCJ’s judgment and remand the matter for further proceedings.
 

 DISCUSSION OF THE RECORD
 

 This matter arises from a work-related injury suffered by a Nacher employee, Johnathan Goodie. As a part of the employee’s medical care, Nacher authorized treatment by Dr. Russell C. Romero, a PSA associate. In all, the treatment rendered to Mr. Goodie by Dr. Romero, as authorized by Nacher and as calculated under the workers’ compensation schedule [ La.R.S. 23:1034.2 and La.Admin.Code tit. 40, part I, § 2507], totaled $11,750.17. The payment to PSA for this treatment is the issue in this litigation.
 

 On March 2, 2005, Mr. Goodie entered into a settlement agreement with Nacher and Ace American, not under the Louisiana Workers’ Compensation Act, but pursuant to Section 8(i) of the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C.A. § 901 et seq. The settlement, which meticulously details Mr. Goodie’s medical care and purports to satisfy all of his claims for compensation and medical treatment, provides a total settlement amount of $20,356.98 paid directly to Mr. Goodie. In breaking down the categories
 
 *1019
 
 of the settlement, the settlement agreement stated that $5,354.76 of the total amount was for outstanding medical bills, $4,307.67 was for future medical treatment, and $4,300.22 was for legal representation. The parties to the settlement agreement submitted it to the District Director of the Seventh | ¡^Compensation District, U.S. Department of Labor, Office of Workers’ Compensation Programs, Long-shore and Harbor Workers’ Compensation Act, who approved it.
 

 Slightly over one year and one month later, on April 13, 2006, PSA filed a disputed claim for compensation against Nacher and its workers’ compensation administrator, ESIS Insurance Company (ESIS),
 
 [1]
 
 seeking payment of the $11,750.17 owed for Mr. Goodie’s medical treatment. It later amended its claim to add Ace American as a party defendant. Among the numerous filings by Nacher and Ace American in opposition to PSA’s claim is the exception of no subject matter jurisdiction which is the subject of this appeal.
 

 Nacher and Ace American filed their exception of no subject matter jurisdiction and attached a copy of the previously-approved Section 8(i) settlement agreement between Mr. Goodie, Nacher, and Ace American. Before PSA filed any response to the exception, the WCJ issued a judgment granting the exception and dismissing PSA’s claim. PSA has appealed this judgment.
 

 OPINION
 

 We find that the judgment of the WCJ should be vacated and the matter remanded to the Office of Workers’ Compensation for further proceedings.
 

 Louisiana Code of Civil Procedure Article 929 provides that declinatory exceptions, “when pleaded before or in the answer
 
 shall be tried
 
 and decided in advance of the trial of the case.” La.Code Civ.P. art. 929(A) (emphasis added). In the matter before us, the WCJ decided the issue without holding a hearing and giving PSA an opportunity to be heard. Thus, the WCJ’s dismissal of PSA’s claim is an improper
 
 ex parte
 
 order. Because Article 929 requires a hearing to determine the |smerits of a declinatory exception prior to a trial on the merits of the matter, we find that the WCJ improperly granted judgment in this matter. Accordingly, we vacate the WCJ’s judgment and remand the matter so that a hearing may be held to decide the merits of the declinatory exception of no subject matter jurisdiction.
 

 DISPOSITION
 

 For the foregoing reasons, we vacate the judgment of the workers’ compensation judge and remand the matter for further proceedings. We assess all costs of this appeal to The Nacher Corporation and Ace American Insurance Company.
 

 JUDGMENT VACATED AND REMANDED.
 

 [1]
 

 . The WCJ subsequently dismissed ESIS as a party defendant, leaving only Nacher and Ace American as defendants,